Mr. Bill A. Shirron Executive Director Arkansas Teacher Retirement System Education Building West #3 State Capitol Mall Little Rock, AR 72201
Dear Mr. Shirron:
This is in response to your request for an opinion concerning the payment of current year interest on the balance in a member deposit account, in the year that the member receives a refund. Specifically, you have outlined a situation in which a member takes maternity leave without pay for an entire school year, intending at that time to resume teaching the following year. Instead of returning to work, the member files on June 24, 1988 for a complete refund of contributions. The refund is made on June 27, 1988, three days before the end of the system fiscal year. No interest accruing in that year was included in the refund amount. You have also noted that the system has a board policy of not paying interest on contributions made in the same year a refund is made.
It is my opinion, under the relevant statutes, that current year interest on either the mean balance or current year contributions is not required by law to be paid with a refund made prior to the end of the fiscal year.
As you have pointed out, the two relevant statutory provisions are A.C.A. 24-7-410(d)(1), and A.C.A. 24-7-711(a)(1) and (2). The former provision states that: "AT THE END OF EACH SYSTEM FISCAL YEAR, the board shall credit each person's individual account with regular interest on the mean balance in the account for the fiscal year." (Emphasis added).
The second provision deals with refunds, and provides that:
 (a) (1) In the event a member ceases to be a member other than by death or retirement prior to satisfying the age and service requirements of either 24-7-701 or 24-7-702, he shall be paid, within six (6) months following the date his written application is filed with the board, his accumulated contributions standing to his credit in the member's deposit account.
 (2) Any contributions remaining on deposit shall accrue interest at the end of each fiscal year as provided by 24-7-410(d).
The first provision clearly indicates that interest is not to be credited to the member's deposit account until the end of the fiscal year. If, therefore, a refund is made before the end of the fiscal year, (and it always will be made before the end of some fiscal year, unless it is made on June 30), interest for that year need not be credited to the refund account. There is no provision which would require the payment of any partial year interest prior to the end of the fiscal year.
This conclusion is consistent with 24-7-711, the second provision. That provision outlines the procedure for refunding when a member ceases to be a member. It also provides that any contributions "remaining" on deposit shall accrue interest at the end of each fiscal year as provided in 24-7-410(a), (the first provision). It is clear from this provision that interest dues not ACCRUE on either the mean balance or current year contributions until the end of the fiscal year.
Because 24-7-711 speaks to interest accruing on contributions "remaining on deposit", it can be concluded that the provision was intended to cover the situation in which a member ceases to be a member, and the current fiscal year ends before a refund is made. In that situation, interest would accrue at the end of the fiscal year, even though the member is no longer a member. This provision, however, does not mandate a conclusion that interest must be paid on current year contributions upon a refund made prior to the end of a fiscal year.
It is therefore my opinion that the board policy of not paying interest on contributions made in the year of a refund is consistent with the statutes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.